UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TARON MULDROW,<br>    Plaintiff,<br><br>    v.<br><br>CARABETTA BROTHERS, INC. and<br>WILLIAM JOHNSON,<br>    Defendants. | No. 3:14-cv-01686 (JAM) |

**RULING DISMISSING CASE FOR LACK OF JURISDICTION**

Plaintiff Taron Muldrow has filed this *pro se* lawsuit against his former employer and manager. He alleges that defendants fired him from his job in order to retaliate against him for having filed a workers' compensation claim. Although plaintiff may have a valid cause of action under state law, it is readily apparent that the facts alleged in his complaint do not remotely support any relief under federal law. Accordingly, because his federal claims are plainly insubstantial and frivolous, I will dismiss the complaint pursuant to Fed. R. Civ. P. 12(h)(3) for lack of federal jurisdiction and without prejudice to plaintiff's right to seek relief in a Connecticut state court.

**BACKGROUND**

Plaintiff's hand-written complaint—as amended several times—alleges that in December 2013 defendants unlawfully suspended and then terminated his employment in retaliation for his having filed a workers' compensation claim. Doc. #49-1 at 3.[1] Plaintiff principally cites and

---

[1] Plaintiff has filed three complaints and a proposed fourth and fifth complaint. Docs. #1, #11, #41, #49-1, #52-1. He filed his first amended complaint without prompting, and I later twice granted leave to file amended complaints in response to prior motions to dismiss filed by defendants. Docs. #32, #44. Defendants' most recent motion to dismiss and my ruling herein are based on plaintiff's fourth-filed complaint (Doc. #49-1). Although plaintiff has sought to amend his complaint yet again (Doc. #52), his proposed amendments would not alter my analysis of his claims.

relies on Connecticut state law in support of his retaliatory discharge claim.[2] His complaint, however, relies for federal jurisdiction on 42 U.S.C. § 1983 and 28 U.S.C.§ 1343(a)(3). He alleges that his suspension and termination were in violation of the Due Process Clause. He also cites or obliquely refers to several federal statutes. He cites two statutory provisions of the False Claims Act, 31 U.S.C. §§ 3729 & 3730(h), and he cites the Equal Access to Justice Act, 28 U.S.C. § 2412. And he references the "A.D.A.," which I interpret to be a reference to the Americans with Disabilities Act. The complaint otherwise cites a Connecticut antitrust statute and potential state common law claims, such as medical malpractice, emotional distress, and an unexplained "notice of lease violation." Plaintiff demands $7 million in damages. Defendants have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *See generally Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013); *Kempe's Lessee v. Kennedy*, 9 U.S. 173, 185 (1806) (Marshall, C.J.). Unless a federal court has diversity jurisdiction (*e.g.*, a dispute involving at least $75,000 between parties from different states), a federal court plaintiff must ordinarily set forth a question of federal law in order to have his claim resolved in a federal court. *See Gunn*, 133 S. Ct. at 1064-65.[3]

But even if a complaint duly cites the Constitution or other federal law, it is well established that a federal court may still lack jurisdiction if the federal law claim is "wholly

---

[2] Connecticut law provides in relevant part: "(a) No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter." Conn. Gen. Stat. § 31-290(a).

[3] The parties to this action all appear to hail from Connecticut, and there is no suggestion that the requirements under 28 U.S.C. § 1332 for diversity jurisdiction are met in this case.

insubstantial" or "obviously frivolous." *See, e.g., Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotations and citation omitted); *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002). Thus, as Judge Easterbrook has noted, "a constitutional theory can be so feeble that it falls outside federal jurisdiction even though all formal aspects of a federal claim appear to have been satisfied." *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013).

This is such a case. Whatever the merits of plaintiff's state law claims might be, his federal claims are so weak that I can only conclude that the complaint must be dismissed for lack of federal subject matter jurisdiction. To begin with, plaintiff alleges that defendants violated his constitutional due process rights. But the Constitution does not generally regulate the conduct of private actors, and a constitutional tort that is alleged as a basis for relief under Section 1983 may only be asserted "against state actors or private parties acting 'under the color of' state law." *Betts v. Shearman,* 751 F.3d 78, 84 (2d Cir. 2014) (internal citation omitted); *see generally* 13B Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 3573.2 (3d ed. 2013).

Here, the two defendants are a private construction company and one of its managers. Because it is obvious that neither defendant is a state actor, plaintiff's Section 1983 due process claim is so plainly meritless that it cannot support the exercise of federal jurisdiction. *See Dunton v. Cnty. of Suffolk, State of N.Y.*, 729 F.2d 903, 911 (2d Cir. 1984) (no federal jurisdiction over § 1983 claim where there was "no evidence" that defendant "was acting under color of state law").

Nor can plaintiff rely independently upon Section 1983 as a source of rights, because "Section 1983 merely provides a mechanism for enforcing individual rights secured elsewhere, *i.e.*, rights independently secured by the Constitution and laws of the United States[,]" and "[o]ne cannot go into court and claim a violation of § 1983—for § 1983 by itself does not protect anyone against anything." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (internal quotations

and citation omitted). The same holds true for plaintiff's reliance on 28 U.S.C. § 1343(a)(3), which is no more than a limited jurisdictional counterpart for a federal equal-rights claim that may be properly pursued in the first instance under Section 1983. *See, e.g., Dennis v. Higgins*, 498 U.S. 439, 445 n. 5 (1991); 13B Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 3573.2 (3d ed. 2013).

Plaintiff's remaining federal law claims are equally asthenic. As for plaintiff's citation to the False Claims Act, 31 U.S.C. § 3729, a predicate for liability is the submission of a false claim to a federal government officer or employee of the United States. *See, e.g., Mikes v. Straus,* 274 F.3d 687, 695 (2d Cir. 2001) (setting forth elements for a violation of the False Claims Act). Similarly, plaintiff cites the False Claims Act's anti-retaliation provision, 31 U.S.C. § 3730(h), but a predicate for liability under this law is an employee's taking acts in furtherance of a *qui tam* lawsuit involving fraud against the federal government. *See, e.g., Mann v. Heckler & Koch Def., Inc.,* 630 F.3d 338, 343 (4th Cir. 2010) (noting that "§ 3730(h) creates a cause of action for employees who suffer retaliation for taking measures to prevent contractor fraud against the United States"). Here, plaintiff claims that he was fired by his employer in retaliation for his seeking workers' compensation under state law; his claim has nothing to do with any kind of false claim, fraud, or lawsuit involving the federal government.

As for plaintiff's cite to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), this statute has no conceivable relationship to the facts alleged in the complaint. "[T]he EAJA applies to 'any civil action (other than cases sounding in tort)… brought *by or against the United States* in any court having jurisdiction of that action.'" *Vacchio v. Ashcroft,* 404 F.3d 663, 667 (2d Cir. 2005) (emphasis added). Because plaintiff's claim has nothing to do with a lawsuit by or against the federal government, any claim under the EAJA is baseless.

As for plaintiff's citation to the ADA, plaintiff has not alleged any of the factual requisites for an ADA claim, such as an allegation that he has a disability, much less that he was discriminated or retaliated against on any grounds relating to such a disability. *See, e.g., Widomski v. State Univ. of N.Y. (SUNY) at Orange,* 748 F.3d 471, 474 (2d Cir. 2014) (*per curiam*).

In short, each and every one of plaintiff's federal law claims is insubstantial and frivolous. Accordingly, this Court lacks federal jurisdiction. And because federal jurisdiction is lacking, I may not consider any of plaintiff's state law claims. *See Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). To the extent that plaintiff has state law claims for workers' compensation retaliation or other damages, he may seek such relief in an appropriate state court of Connecticut.

## CONCLUSION

This action is DISMISSED for lack of federal jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Defendants' motion to dismiss the amended complaint (Doc. #53) under Rule 12(b)(6) is DENIED as moot in light of the fact that there is no federal jurisdiction. *See Holt v. Town of Stonington*, 765 F.3d 127, 130 (2d Cir. 2014) (*per curiam*) (court must address jurisdiction before reaching merits).

It is so ordered.

Dated at Bridgeport this 5th day of June 2015.

*Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge